FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

SEP 19 2012

PATRICIA PRESLEY, COURT CLERK
by _____ DEPUTY

## STATE OF OKLAHOMA

| | |
|---|---|
| MIKE HIBDON, as Personal Representative of the Estate of Audrey Hibdon-Hotopp, ) ) ) Plaintiff, ) ) v. ) FARMERS INSURANCE COMPANY, INC., ) ) Defendant. ) | Case No. **CJ-2012-5929** |

### PETITION

COMES NOW, the above captioned Plaintiff and for his cause of against Defendant, alleges and states:

1. That Plaintiff is a resident of the State of Oklahoma, County of Oklahoma;

2. That the deceased, Audrey Hibdon-Hotopp, was a resident of the State of Oklahoma, County of Oklahoma, at the time of her death.

3. Defendant is a foreign corporation doing business in Oklahoma County, State of Oklahoma.

4. Defendant is a corporation incorporated under the laws of the State of California, and doing business in the State of Oklahoma.

5. Plaintiff had in effect an insurance policy, issued by Defendant, covering her home located at 2116 SW 69th St., Oklahoma City, Oklahoma 73150.

6. Said insurance policy was purchased by the decedent from Defendant or Defendant's agent in Oklahoma County, Oklahoma.

7. Farmers Insurance Company, Inc. ("Farmers") conducts business and advertises

**EXHIBIT 1**

such that this court has jurisdiction over Farmers.

8. The facts that give rise to this action have substantial contacts with Oklahoma County, Oklahoma, such that jurisdiction is proper in this action in Oklahoma County, Oklahoma.

## FACTS RELEVANT TO EACH CAUSE OF ACTION

9. That at all times mentioned herein, Aubry Hibdon-Hotopp was insured by a policy of insurance (Policy No. 08-0907620182) which was issued, sold, managed and administered by named Defendant.

10. Farmers accepted payments from Aubry Hibdon-Hotopp on the policy above referenced.

11. The policy number 08-09-7620182 was in effect at the time of the loss.

12. On or about January 6, 2006, a theft occurred at the insured residence.

13. Thereafter, Aubry-Hibdon Hotopp, filed a claim with Farmers as a result of a theft that occurred at the insured residence on January 6, 2006.

14. That the Plaintiff previously filed a Petition with this Court regarding this matter in Case Number CJ-2010-2342. Said Petition was Dismissed Without Prejudice on the 19th day of September, 2011. Therefore, Plaintiff is within his one year time period to re-file his Petition.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

15. Plaintiff reincorporate paragraphs 1-12 as if fully set forth herein.

16. Defendant has failed to pay the claim submitted by Aubry Hibdon-Hotopp for said theft.

17. Defendant Farmers failed to pay Plaintiff's claim in accordance with the terms and conditions of its insurance contract and/or addendums or other representations made to the Plaintiff.

18. The conduct of Farmers, as described above, represents a material breach of the terms and conditions of the insurance contract between the parties.

19. Plaintiff has been damaged by virtue of this breach in an amount in excess of Ten Thousand Dollars ($10,000.00).

## SECOND CAUSE OF ACTION BAD FAITH

20. Plaintiff reincorporates paragraphs 1-17 as if fully set forth herein.

21. Defendant has a duty to deal fairly and in good faith with its insureds.

22. Farmers has breached its duty of good faith and fair dealing and profited by not reasonably investigating the claim of Plaintiff before its denial of said claim.

23. Farmers breached its duty of good faith and fair dealing and profited by denying the claim of Plaintiff without a reasonable basis therefore, as it accepted and retained all payments for the policy period at issue, and gave assurances such action would result in coverage for said residence.

24. As a direct result of Farmers' bath faith, Plaintiff has suffered financial loss, mental and emotional distress and other damages in excess of $10,000.00.

25. Farmers' actions were willful or in such reckless disregard of Plaintiff's rights that punitive and exemplary damages should be awarded in excess of $10,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant for:

    a.    Actual damages in an amount in excess of $10,000.00;

c. Pre-judgment and post-judgment interest;

d. Recoverable costs;

e. A reasonable attorney's fee; and,

f. Any other relief deemed appropriate by the court.

Respectfully Submitted,
MIKE HIBDON, as Personal Representative of the
Estate of Audrey Hibdon-Hotopp

By: _____
Z. JOSEPH YOUNG, OBA#17265
Z. Joseph Young, P.L.L.C.
Fergason & Young
423 West Iowa Ave.
Chickasha, Oklahoma 73018
(405) 222-5550
(405) 222-2293 Facsimile